UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESSE HENRY HAYES, JR.,

    Petitioner,

v.                                               Case No: 2:17-cv-258-FtM-38MRM

STATE OF FLORIDA,

    Respondent.
_____/

## **OPINION AND ORDER**[1]

    Petitioner, Jesse Henry Hayes, Jr., initiated this action on May 11, 2017 by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). Hayes was directed to file an amended petition on the Court's approved form (Doc. 8) and is proceeding on his Amended Petition (Doc. 9), which challenges a 1994 judgment and conviction for trespass and attempted armed robbery rendered in Lee County Florida at case number 93-CF-1329. Respondents filed a response seeking dismissal of the Amended Petition as successive (Doc. 11 at 1). A review of the Court's records reveal that Hayes has already filed a 28 U.S.C. § 2254 petition attacking the same conviction he attacks in his Amended Petition. *See* Case No. 2:00-cv-458-JES. The Court dismissed Petitioner's petition in this earlier action as untimely. *Id.*, Doc. 6.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

For a second petition to be considered successive, the first petition must have been denied or dismissed with prejudice. *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999). Applicable precedent considers the dismissal of a prior § 2254 petition for timeliness to be with prejudice. *Jordan v. Sec'y, Dep't of Corr*, 485 F.3d 1351, 1353 (11th Cir. 2007). Petitioner has not indicated he has obtained leave from the Eleventh Circuit Court of Appeals to file a successive petition. See 28 U.S.C. § 2244(b); Rules Governing Section 2254 Cases in The United States District Courts, R. 9. "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Pavon v. Attorney Gen. Fla.*, No. 17-10508, 2018 WL 1733232, at *1 (11th Cir. Apr. 10, 2018) (citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)).

The Court recognizes that the term "second or successive" is not self-defining and not all habeas applications filed after the first filed habeas are *per se* successive. *Panetti v. Quarterman*, 551 U.S. 930, 943-44 (2007); *Stewart v. United States*, 646 F.3d 856, 860 (11th Cir. 2011). Having reviewed the Amended Petition, the Court finds that Hayes has not asserted any facts or claims that would fall within the "small subset of unavailable claims that must not be categorized as successive." *Stewart* at 863. Here, Petitioner suggests that newly discovered evidence supports his claim that he is innocent of the crime for which he is incarcerated.[2] "Claims based on a factual predicate not previously discoverable are successive." *Ibid.*

---

[2] Respondent points out that even if Petitioner's actual innocence claim was a free-standing claim, he cannot demonstrate actual innocence. The prisoner who provided an affidavit confessing to the armed robbery for which Hayes was convicted was incarcerated on the date that the crime was committed. Doc. 11 at 6.

2

Consequently, this case will be dismissed without prejudice to allow Hayes the opportunity to seek authorization from the Eleventh Circuit Court of Appeals should he wish to lodge a second challenge to his current incarceration. A petitioner should be aware that § 2244(b) (2) limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive habeas corpus petition. Furthermore, 28 U.S.C. § 2244(d) imposes a time limitation on the filing of a habeas corpus petition. Hayes, in seeking relief in the Court of Appeals, should be cognizant of both these provisions.[3]

Accordingly, it is now

**ORDERED:**

1. Petitioner's Amended Petition (Doc. 9) is **DISMISSED as successive**.

2. The **Clerk of the Court** is directed to terminate any pending motions, enter judgement, close this case, and send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) by a Prisoner in State Custody" form.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of August 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record

---

[3] A certificate of appealability(COA), typically required for appeals from a final order of a habeas proceeding, is not required for an appeal of an order dismissing a petitioner's filing as a successive habeas petition. See 28 U.S.C. § 2253(c); *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (*per curiam*).